**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 19-cv-02869

CENTER FOR BIOLOGICAL DIVERSITY,
THE WILDERNESS SOCIETY, and
WILDERNESS WORKSHOP,

      Petitioners,

v.

UNITED STATES BUREAU OF LAND MANAGEMENT, et al.,

      Federal Respondents,

WEST SLOPE COLORADO OIL AND GAS ASSOCIATION,
AMERICAN PETROLEUM INSTITUTE,
COLORADO OIL AND GAS ASSOCIATION, and
WESTERN ENERGY ALLIANCE,

      Intervenor-Respondents.

## ORDER GRANTING MOTION FOR VOLUNTARY REMAND

**Blackburn, J.**

This matter is before me on the **Federal Respondents' Motion for Voluntary Remand** [#26][1] filed April 8, 2020.  The petitioners and the intervenor-respondents filed responses [#29 & #30], and the federal respondents filed a reply [#31].  I grant the motion.

The petitioners filed this action challenging the Resource Management Plan (RMP) and Environmental Impact Statement (EIS) of the United States Bureau of Land Management (BLM) Grand Junction Field Office.  The RMP and EIS were approved by a Record of Decision (ROD).  The petitioners allege the BLM violated the National

---

[1] "[#26]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321 et seq.  The petitioners allege the BLM: (1) failed to take a hard look at indirect and cumulative combustion emissions; and (2) failed to consider all reasonable alternatives to oil and gas leasing and development.

As the parties note, this case has similarities with a prior case, *Wilderness Workshop v. Bureau of Land Mgmt*., 342 F. Supp. 3d 1145 (D. Colo. 2018).  That case involved a challenge to a RMP in the adjacent Colorado River Valley Field Office. In *Wilderness Workshop*, this court held that the BLM violated the NEPA by failing to take a hard look at indirect emissions of oil and gas, as well as failing to consider reasonable alternatives to lands made available to oil and gas leasing. *Id*. at 1156, 1167. The court then ordered the parties to confer and attempt to reach agreement as to remedies.  The parties reached an agreement as to remedies.  Based on its review of the court's decision in *Wilderness Workshop*, and the similarities between the Grand Junction and Colorado River Valley planning areas, the BLM intends to prepare a supplemental analysis for the Grand Junction RMP, the RMP at issue in this case.

In their response [#29], the petitioners do not oppose a remand.  However, the petitioners propose that the court should define the scope of the analysis by the BLM on remand.  On remand, the petitioners propose that the court require the respondents to take a hard look at the indirect and cumulative emissions that arise from its management decision.  Additionally, the petitioners propose that the court require the respondents to consider reasonable alternatives that would limit or eliminate oil and gas leasing within the Grand Junction planning area.  Further, the petitioners propose that the court order the respondents not to hold any oil and gas lease sales on the Grand Junction RMP until a new decision document is released.

In essence, the petitioners seek now substantive relief before the merits of this litigation are resolved.  On the current record, there is no basis for the court to require the respondents to take particular actions as the BLM prepares a supplemental analysis for the Grand Junction RMP.  Of course, the respondents, including the BLM, are required to comply with the law as the supplemental analysis is prepared.  The court need not order any of the parties to comply with the law.

The petitioners ask that the court retain jurisdiction over this case if the court does not impose limitations on the respondents during the remand.  Of course, the anticipated supplemental analysis during the remand will involve the claims at issue in this case.  The supplemental analysis may or may not resolve all of the claims at issue in this case.  I find that efficient resolution of this controversy may require additional litigation in this case following the remand and the supplemental analysis by the respondents.  With that possibility in mind, the court will grant the motion [#26] for remand and close this case administratively, subject to reopening for good cause.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Federal Respondents' Motion for Voluntary Remand** [#26] is granted on the terms stated in this order;

2. That the decision of the respondents approving the Grand Junction RMP is remanded to the respondents so the respondents, including the BLM, may conduct a further and supplemental environmental analysis;

3. That the briefing schedule and all other obligations of the parties in connection with this case are stayed, pending further order of the court;

4. That under D.C.COLO.LCivR 41.2, the clerk is directed to close this civil action administratively, subject to reopening for good cause; and

     5.  That if this civil action is reopened, then the parties shall file also a proposed joint case management plan consistent with the requirements of the **Order Directing Preparation of Joint Case Management Plan** [#10].

     Dated March 26, 2021, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge
